Smith, J.
The petition in this case alleged substantially, (in so far as it is necessary to state it), that in October, 1865, the council of the village of Avondale passed an ordinance establishing a grade for the south gutter of South Crescent avenue, a street of said village, and in 1866, by order of the municipal authorities, the street was improved by and at the expense of the owners of property abutting thereon, by grading, guttering and macadamizing the same, and the work was accepted by the village, and the cost thereof assessed upon, and paid by the owners of the abutting lots, and has since been maintained and repaired by the village. As improved, and so afterwards maintained, the grade did not conform to the grade for said gutter fixed "by the ordinance of 1865 ; but it is averred that the effect of its improvement by the village at a different grade was in effect the repeal of such ordinance. And it is also averred that no grade was'ever fixed for the center and north gutter' of the street, except as it was done by the construction thereof and its maintenance as aforesaid. Plaintiffs are owners of lots on the north side of said street abutting thereon, and before 1888 had improved their said property at great cost by building thereon, and by grading the same, planting trees, etc., with reference to the grade so fixed and maintained. In 1888, the village at the request of the owners of lots abutting on the north side of said street, ordered a cement sidewalk to be laid on that side, one-half of the cost thereof to be paid by the village, and the other one-half by the owners of property abutting on said street, and to be built according to the *610 grade and level to be furnished by the engineer of the village ; and it was done, and the sidewalk was constructed according to the grade as maintained as aforesaid, and without reference to the old ordinance, as the village authorities knew when they received one-half the cost thereof from plaintiff.
That in June, 1890, the council ordered the grade of the street to be restored to the grade fixed by the ordinance of 1865, and the authorities are threatening to proceed to do so, and make a deep cut in front of plaintiffs' lots, whereby great damage and injury will result to them, and the approaches thereto destroyed; and has called upon plaintiffs to put their sidewalks down to the grade of 1865, and has notified them that if they do not do so, the village will, and will hold them responsible for the expense thereof. And that this has been done without making any provision whereby damages or compensation for the injury could be awarded.
Wherefore plaintiffs pray that defendant may be restrained from carrying out the proceeding contemplated until it shall have first ascertained and paid such damages as will be occasioned thereby, and for the other relief prayed for.
The answer of the defendant avers that the grade of said street was fixed by the ordinance of 1865, and that the improvement of the street was made in conformity therewith, and that no other grade of said street has ever been established.
It admits that in August, 1888, the village provided for the laying of a cement sidewalk on the north side of said street upon the grade as established by the old ordinance, but denies that it was ever so constructed, or that plaintiff ever paid one-half or any part of the cost thereof. It avers that .the sidewalk was constructed, but was not built according to the grade of the street, and that the village refused to accept or approve the same, and has never done so, but has ordered that the street be repaired in accordance with existing and established 'grade. That owing to the fault of plaintiffs, the gutters as they now are, do not drain the property, *611 and what the village no w proposes to do is to restore the street to the grade at which it was originally constructed, as it is proper to do. And it denies that injury will result to the plaintiffs therefrom, or that they are entitled to damages or compensation from the defendant.
Any new matter in this answer was denied by the reply. On the issues thus raised, the case was tried in the court of common pleas, and a decree was rendered in favor of the plaintiffs, finding that the village by its actions established the grade of the street, as fixed by the court in its decree, and the defendant was thereby enjoined from interfering with such grade, or the roadway, gutters and sidewalk constructed in accordance therewith, without causing the damages that would accrue thereby to the plaintiffs to be first assessed and determined.
From this decree the village appealed, and the case came into this court in December, 1890, and on the 27th of January, 1894, by leave of the court, a supplemental petition was filed, which averred in substance, that about May 26, 1893, the council of the village of Avondale passed an ordinance establishing a new grade for the street in question, and repealing all former ordinances with reference to such grade. And said new grade is set out. That on August 14, 1893, the council passed a resolution -to improve said street according to such new grade. That thereupon plaintiffs filed their claims for damages occasioned by such change of grade. That on the.25th of September, 1893, the council passed an ordinance to improve said street in acordance with the resolution and the plans referred to therein, which plans involved the reconstruction of a large part of the sidewalk abutting on the premises of plaintiffs, and directed the damages to be assessed prior to the beginning of the improvement. That this was done, and a verdict rendered, assessing damages to the plaintiffs, which was confirmed by the court, and the payment of the damages thus assessed has been awarded.
Therefore plaintiffs suggest to the court that the defendant, of its own motion, has since the appeal of the case, given the *612 relief for which plaintiffs prayed in their original petition, and which was granted to them by the court of common pleas, and that the action should be discontinued at the costs of the defendant, and such order is prayed for.
No answer to this supplemental petition was ever filed, and on March 14, 1894, a motion was filed by the plaintiffs that the action be dismissed at the costs of defendant, as it had given the relief sought, and on this motion and oh the question thus presented, arguments were heard by the court.
The question is a new one to us, and, so far as we know, has not been passed on in any reported case in the state, and counsel who have given attention to the matter have not cited us to any adjudications upon the subject in the United States. Two English cases are cited, which substantially hold the doctrine that the defendant having satisfied the demand for which the suit was instituted, the court will refuse to allow it to be proceeded with for the costs. In the case of Tapp v. Tanner, 20 Law Journ. Eq. N. S. 559, where this was held, it was shown that there had been an agreement that if the defendant would pay what was due and secure the annuity, the plaintiff would pay part of the costs ; but the defendant did not comply with his agreement, until after the installments became due to plaintiff, when he paid all that was then due, but did not furnish the security, and the court, without hearing the merits of the case, taxed the defendant with the costs. In Sirell v. Abraham, 8 Beavan, 598, the Master of the Rolls says that it is perfectly well established that where a defendant submits to the whole demand of plaintiff, and to pay the costs, he has a right at once to stop all further proceedings. But in the case at bar the defendant made no such agreement as to costs, and the question remains whether the court may, without trying the main question, adjudge costs against him.
On reason and principle, we think the claim of plaintiffs is a correct one, and that the exercise of such power by the courts is necessary for their protection. It would seem that where an action is prosecuted by one person against another, and be *613 fore the final disposition of it by the court, some act is done by the defendant which in effect acknowledges the justness of the claim- asserted against him, and his liability to respond thereto, and which avoids the necessity of the plaintiff further invoking the action of the court, it would not do to hold that the plaintiff should be compelled to dismiss the action at his own costs, or that the court should be compelled to hear and dispose of a case from which all the marrow and substance had been taken by a settlement between the parties, or by an act of the defendant which acknowledged the justness of the claim of the plaintiff as originally asserted. For instancé, suppose a plaintiff brings an action upon a promissory note. A defense is made thereto by the defendant, and costs to a large amount have accrued. But the defendant comes and brings into court the full amount claimed by the plaintiff, and deposits it for his use, or voluntarily pays the amount to the plaintiff himself. Will he thus rid himself of liability for the costs, or prevent the rendition of a judgment therefor against him? We think that on such facts appearing to the court, judgment should be rendered against him for the costs. Or, if an action is prosecuted against him, to recover a specific tract of real estate, and defense is made and a large amount of costs have been incurred, could he, by a conveyance of the land to his adversary, prevent a judgment against him for costs ? We think not. The practice in such case, as we understand, is, that the fact of payment or settlement is to be set up by the defendant by a plea, puis darrien continuance, of a defense which has arisen since the last continuance. If by the settlement the costs were to be paid by the plaintiff, and it was so, averred in the plea, and not controverted, the action would be dismissed at plaintiff’s costs. If there was no such agreement, we understand the plea could only properly be filed on condition that the costs be paid by defendant, or a judgment be rendered against him therefor. And if the same thing appears by the supplemental petition of the plaintiff, viz : that the defendant had in fact acknowledged the justice of the claim of *614 the plaintiff, and satisfied it, if this be not controverted, judgment should be rendered against him for the costs.
Judge Wm. Worthington, for plaintiff
E. W. Kittredge and A. B. Huston, for Village.
But it is urged by the counsel for defendant, that the latter is entitled to a trial of the question whether plaintiff was right in bringing his action, and that if it be determined that he was not, that the defendant should have a judgment for his costs. But the evil that might result from a rule like this, would be well exemplified in this case. It is said that three weeks were occupied in the trial of this case in the common pleas. Is this court to spend the same time in trying to settle a controversy which the parties have settled for themselves, or where the defendant, by its acts and conduct, has substantially acknowledged the right of the plaintiffs to have their damages legally assessed and paid, and has commenced and prosecuted such proceedings to final judgment ? We think not. This is what the plaintiffs sought by this action. The averments of this supplemental petition not having been denied, will be. taken as true, and the order will be that the costs in the case be paid by the defendant, and the action can be dismissed by the plaintiffs, or will be dismissed by the court, as may be deemed most proper.